Nos. 2025-1364, 2025-1365, 2025-1430

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

DIGITAL BROADCASTING SOLUTIONS, LLC,

*Appellant*,

v.

DISH NETWORK L.L.C., DISH TECHNOLOGIES L.L.C.,

*Cross-Appellants.*

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in Nos. IPR2023-00976, IPR2023-00977

# REPLY BRIEF FOR CROSS-APPELLANTS DISH NETWORK L.L.C. AND DISH TECHNOLOGIES L.L.C.

October 17, 2025


Eliot D. Williams
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
eliot.williams@bakerbotts.com

G. Hopkins Guy III
BAKER BOTTS L.L.P.
1001 Page Mill Road, Bldg. 1, Ste. 200
Palo Alto, California 94304-1007
650.739.7500
hop.guy@bakerbotts.com

Kurt Pankratz
BAKER BOTTS L.L.P.
2001 Ross Avenue, Ste. 900
Dallas, TX 75201
214.953.6584
kurt.pankratz@bakerbotts.com

Thomas B. Carter Jr.
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, TX 77002
713.229.1108
thomas.carter@bakerbotts.com

*Attorneys for Cross-Appellants,
DISH Network L.L.C. and DISH
Technologies L.L.C.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2025-1364

**Short Case Caption** Digital Broadcasting Solutions, LLC v. DISH Network L.L.

**Filing Party/Entity** DISH Network L.L.C. and DISH Technologies L.L.C.

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 01/28/2025

Signature: /s/ Eliot D. Williams

Name: Eliot D. Williams

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| DISH Network L.L.C. | | EchoStar Corp. |
| DISH Technologies L.L.C. | | DISH DBS Corp. |
| | | DISH Orbital Corp. |
| | | DISH Network Corp. |
| | | BlackRock Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Ali Dhanani | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## TABLE OF CONTENTS


I. INTRODUCTION ........................................................................ 1

II. ARGUMENT ........................................................................ 2

A. DBS's Arguments Fail to Defend the Board's Flawed Analysis of DISH's Obviousness Theory of Claim 17 of the '710 Patent .......... 2

1. DBS Fails to Defend the Board's Flawed Analysis .................... 2

2. *CRFD v. Matal* Is Directly On Point .......................................... 3

3. DISH Preserved and Developed Its Obviousness Theory .......... 4

4. DBS's "New Argument" Accusation Misstates the Record ........................................................................ 5

5. The Board's Conclusion Also Lacked Substantial Evidence ........................................................................ 6

III. CONCLUSION ........................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AMP Plus, Inc. v. DMF, Inc.*,
131 F.4th 1320 (Fed. Cir. 2025) ....................4

*Anacor Pharms., Inc. v. Iancu*,
889 F.3d 1372 (Fed. Cir. 2018)....................6

*CRFD Research, Inc. v. Matal*,
876 F.3d 1330 (Fed. Cir. 2017)....................3, 4

*Genzyme Therapeutic Prods. Ltd. P'ship v. Biomarin Pharm. Inc.*,
825 F.3d 1360 (Fed. Cir. 2016)....................6

*Honeywell Int'l Inc. v. 3G Licensing, S.A.*,
124 F.4th 1345 (Fed. Cir. 2025) ....................1, 2

*M & K Holdings, Inc. v. Samsung Elecs. Co., Ltd.*,
985 F.3d 1376 (Fed. Cir. 2021)....................1

*Netflix, Inc. v. DivX, LLC*,
84 F.4th 1371 (Fed. Cir. 2023) ....................5

*SEC v. Chenery Corp.*,
332 U.S. 194 (1947)....................3

# I. INTRODUCTION

The Board's FWD failed to analyze the obviousness theory outlined in DISH's Petition. As noted, the Board asserted that DISH was "required to demonstrate . . . that Casagrande teaches that the [commercial] location information . . . was ***sent after*** the storage of the video stream," (Appx50) (emphasis added), even though DISH argued that *Casagrande* rendered that obvious in view of its disclosure that the location information was ***sent separately from*** the video stream. Appx214, Appx250. The Board erred because it never properly analyzed DISH's obviousness theory for Claim 17. *Honeywell Int'l Inc. v. 3G Licensing, S.A.*, 124 F.4th 1345, 1355 (Fed. Cir. 2025) ("[T]he Board committed legal error by 'deviat[ing] impermissibly from the invalidity theory set forth in [the] petition.'") (quoting *M & K Holdings, Inc. v. Samsung Elecs. Co., Ltd.*, 985 F.3d 1376, 1385 (Fed. Cir. 2021)).

DBS's arguments fail to address this flaw in the Board's analysis and instead reiterate the arguments presented to the Board that DISH's obviousness arguments were factually flawed because the timing information in *Casagrande* is sent on a separate channel, not at a separate time. DBS Resp. Br. at 35. Notably, the Board did not adopt DBS's interpretation that *Casagrande*'s separate signals were, in fact, separate channels. Instead, the Board stated that the commercial location information was sent "in a separate signal than the A/V stream." Appx49-50. But

this does not address the question DISH presented to the Board: Would a POSA have found it obvious to send the separate signal containing the commercial information on the same channel, after the program was broadcast (and thus stored)? *See* Appx250, Appx1224-1225.

To the extent this Court were to conclude that the Board did address DISH's obviousness theory and rejected it in favor of DBS's assertion that *Casagrande* transmitted the commercial location information over a different channel from the A/V stream, then the Board's conclusion is not supported by substantial evidence because *Casagrande* makes explicit the separate communication is performed over the "***same*** technology" as the A/V stream, not over a different channel. Appx740 at 18:5-9; *see also* Appx1224-1225.

# II. ARGUMENT

## A. DBS's Arguments Fail to Defend the Board's Flawed Analysis of DISH's Obviousness Theory of Claim 17 of the '710 Patent

### 1. DBS Makes No Attempt to Defend the Board's Flawed Analysis

As noted in DISH's opening brief, the Board assumed that DISH had an obligation to "demonstrate that *Casagrande* teaches" that the commercial location information was sent after storage of the video stream. Appx50. This was an error because DISH's theory was that *Casagrande* rendered that feature obvious, not that Casagrande expressly taught it. *See Honeywell Int'l*, 124 F.4th at 1355. Tellingly, DBS makes no attempt to defend the Board's reasoning in this regard, and instead

resorts to rearguing the merits of obviousness to this Court. DBS Resp. Br. at 34-35. In short, the Board explicitly based its conclusion on its belief that DISH had an obligation to prove *Casagrande* taught the claim element. Because the Board was applying the standard for anticipation, and not obviousness, the Board erred and its decision cannot be upheld. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action . . . .").

### 2. *CRFD v. Matal* Is Directly On Point

DBS further argues that "DISH's reliance on *CRFD Research, Inc. v. Matal* is misplaced." DBS Resp. Br. at 36. But DBS provides no substantive differences, highlighting how the Board allegedly performed a proper obviousness analysis here compared to the flawed obviousness analysis in *CRFD*. Instead, DBS concludes that *CRFD* is inapplicable because the *CRFD* case involved two grounds: anticipation and obviousness, whereas the present Petition "had only one set of arguments for *Casagrande*." *Id.* That the Petition did not include an anticipation ground based on *Casagrande* has no bearing on whether the Board failed to analyze the presented obviousness grounds properly. Just as the Board in *CRFD* failed to evaluate "two predictable choices for when the Bates system would transmit [session] information,

providing a person of ordinary skill with a simple design choice as to whether to specify transmission after [the session]," the Board here improperly failed to consider a POSA's understanding of *Casagrande*'s disclosure of separately transmitting location information. *CRFD Research, Inc. v. Matal*, 876 F.3d 1330, 1347 (Fed. Cir. 2017).

### 3. DISH Preserved and Developed Its Obviousness Theory

DBS asserts that DISH failed to develop its obviousness theory properly in the Petition. DBS Resp. Br. at 32-36. In particular, DBS equates the present record to this Court's ruling in *AMP Plus, Inc. v. DMF, Inc.*, 131 F.4th 1320, 1325 (Fed. Cir. 2025). *Id.* at 36. In that case, however, this Court rejected the presented obviousness grounds because the petition there failed to address multiple claim limitations. In contrast, the Petition here squarely argued that the combination of *Casagrande* and *Russ* rendered Claim 17 obvious by *Casagrande*'s disclosure of transmitting commercial location information ***separately*** from the video stream. Appx250; *see also* Appx214 (explaining Petitioner's theory was based on "obvious[ness] over *Casagrande* in view of *Russ* under 35 U.S.C. §103"). As DISH's expert explained, a POSA would have understood from that disclosure that it would have been obvious to send the commercial location information ***after*** the video stream based on *Casagrande*'s teachings. *Id.* The Petition thus provided both the obviousness theory and supporting evidence.

DBS's characterization of DISH's case as "conclusory" ignores the Petition and the supporting expert analysis. Much of DBS's argument focuses on the brevity of the discussion included in DISH's Petition and accompanying expert report. DBS Resp. Br. at 32-34. Section 312(a)(3) demands particularity, not a lengthy analysis, especially where the proposed modification was a straightforward design choice to implement the reference's express teaching of sending the information "separately" as being separately in time. *See Netflix, Inc. v. DivX, LLC*, 84 F.4th 1371, 1377 (Fed. Cir. 2023) ("[T]he Board should not take an overly mechanistic view of a petition . . . ."). DISH's Petition and expert declaration concisely and sufficiently presented evidence that Claim 17 was obvious in view of *Casagrande* and *Russ.* Indeed, DISH's expert discussed how *Casagrande* discloses that the commercial information can be retrieved in response to a user's set-top box performing a "query" via the network for "further detailed" information about a received stream. Appx327 at ¶72. It was an error for the Board to fail to address those arguments.

#### 4. DBS's "New Argument" Accusation Misstates the Record

DBS argues that DISH improperly raises new theories on appeal, that were "never cited in the '976 Petition for claim 17," relating to *Casagrande*'s disclosure of sending location information in response to a query after the video stream is recorded. DBS Resp. Br. at 36-37. As explained in DISH's opening brief, however, DISH raised this disclosure (which is cited in Dr. Jeffay's original declaration

submitted with the Petition) at the oral hearing to "corroborate[] Dr. Jeffay's testimony" that *Casagrande*'s use of the word "separately" would have been understood by a POSA to include sending the information separately in time. DISH Op. Br. at 56-57. "[T]he petitioner in an inter partes review proceeding may introduce new evidence after the petition stage if the evidence . . . is used 'to document the knowledge that skilled artisans would bring to bear in reading the prior art identified as producing obviousness.'" *Anacor Pharms., Inc. v. Iancu*, 889 F.3d 1372, 1380–81 (Fed. Cir. 2018) (quoting *Genzyme Therapeutic Prods. Ltd. P'ship v. Biomarin Pharm. Inc.*, 825 F.3d 1360, 1369 (Fed. Cir. 2016)). Thus, no new theory was presented at oral hearing, nor in DISH's opening brief to this Court.

### 5. The Board's Conclusion Also Lacked Substantial Evidence

Even if this Court were to conclude that the Board had applied a proper legal analysis to DISH's obviousness theory, notwithstanding the Board's clear articulation of the incorrect legal standard, the Board's conclusion would lack substantial evidence. The only argument made by DBS to the Board, purportedly countering DISH's evidence that it would be obvious to send the commercial location information after the video was received, was that *Casagrande*'s disclosure of sending the commercial information "separately" meant that the information was sent via a separate channel. Appx1080-1082; *see also* DBS Resp. Br. at 32-37. However, as DISH explained to the Board, this interpretation of *Casagrande* was

directly refuted by *Casagrande* itself, which states that the commercial information is conveyed to the set top box via "the same technology used to receive the first A/V stream," and thus could not be sent at the same time via a different channel, as DBS implied. Appx1224-1225. Presumably, for this reason, the Board did not adopt DBS's theory that the commercial location information was sent in a different channel; instead, it merely stated that it was sent in a different signal. Appx49-50. But this leaves the key question unanswered: Is it obvious to have *Casagrande*'s different signal, which is conveyed "separately" from the A/V stream, be sent at a later time? Because the Board made no fact-findings on this question and cites no evidence supporting a contrary conclusion, its decision is unsupported by substantial evidence.

## III. CONCLUSION

Accordingly, the Board's conclusion upholding Claim 17 should be reversed and held unpatentable. Alternatively, the Court should remand for the Board to properly analyze Claim 17 for obviousness.

Date: October 17, 2025

*/s/ Eliot D. Williams*

Eliot D. Williams
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
eliot.williams@bakerbotts.com

G. Hopkins Guy III
BAKER BOTTS L.L.P.
1001 Page Mill Road, Bldg. 1, Ste. 200
Palo Alto, California 94304-1007
650.739.7500
hop.guy@bakerbotts.com

Kurt Pankratz
BAKER BOTTS L.L.P.
2001 Ross Avenue, Ste. 900
Dallas, TX 75201
214.953.6584
kurt.pankratz@bakerbotts.com

Thomas B. Carter Jr.
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, TX 77002
713.229.1108
thomas.carter@bakerbotts.com

*Attorneys for Cross-Appellants, DISH Network L.L.C. and DISH Technologies L.L.C.*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This filing complies with the type-volume limitation of Federal Circuit Rule 32(a) or Federal Circuit Rule 28.1.

X  The filing contains 1,588 words, excluding the parts of the filing exempted by Federal Rule of Appellate Procedure 32(f) or

_The filing uses a monospaced typeface and contains_____ lines of text, excluding the parts of the filing exempted by Federal Rule of Appellate Procedure 32(f)

2. This filing complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Circuit Rule 28.1 and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6)

X__The filing has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in a 14 point Times New Roman font, or

___ The filing has been prepared in a monospaced typeface using in a ___ characters per inch_________ font.

October 17, 2025

*/s/ Eliot D. Williams*
Eliot D. Williams

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 17th day of October 2025, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Federal Circuit through the Court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Eliot D. Williams*
Eliot D. Williams